IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-04-323 |
| ERIC HALL, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

The Defendant Eric Hall was sentenced to a period of 360 months' imprisonment on August 28, 2007, after he pleaded guilty to two counts of Racketeering and one count of Possession and Discharge of a Firearm in Furtherance of a Drug Trafficking Crime Resulting in Death. (ECF No. 448.) Hall has now filed a Motion for Compassionate Release (ECF No. 642) in light of the Coronavirus, known as COVID-19, Pandemic Crisis. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the Motion will be DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." However, a defendant may only move for a reduction under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The Court of Appeals for the Fourth Circuit has been very firm that a court is without the authority to modify a sentence except in

1

conformity with the specific circumstances and procedures established by § 3582. *See United States v. Goodwyn*, 596 F.3d 233 (4th Cir. 2010) (A court "may not modify a term of imprisonment once it has been imposed" unless expressly permitted by statute.) (quoting § 3582). Accordingly, though the Fourth Circuit has not yet specifically addressed the § 3582(c)(1)(A) exhaustion requirement, the judges of this District have consistently held that a court lacks the discretion to grant compassionate release to a defendant who has not followed the procedure established by the statute. *See United States v. Morrison*, Crim. No. PWG-19-284, 2020 WL 3447757, at *3 (D. Md. June 24, 2020) (compiling cases).

In his motion, Hall does not claim that he has made the necessary request to the warden of his facility. Nor does he attach any records verifying that he made such a request. As such, because Hall has failed to allege or provide any evidence that he has pursued the procedure established by § 3582(c)(1)(A), this Court may not modify his sentence.[1]

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Hall's legitimate concerns about his living situation. The Court also appreciates that Hall may face a heightened risk due to his age and medical condition. However, this Court is limited by the existing statutory authority in the relief it may consider.

Accordingly, Hall's Motion for Compassionate Release (ECF No. 642) is DENIED. The Court urges Hall to pursue the procedures established by § 3582(c)(1)(A) to seek his requested relief.

---

[1] Hall may renew his motion for relief after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Any renewed motion should be accompanied by records verifying Hall's claims regarding his medical condition and personal situation, to facilitate the Court's review of his application.

DATED this 1st day of July, 2020.

                                        BY THE COURT:

                                        /s/
                                _____

                                James K. Bredar
                                Chief Judge