IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-04-323 |
| ERIC HALL, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

The Defendant Eric Hall was sentenced to a period of 360 months' imprisonment on August 28, 2007, after he pleaded guilty to two counts of Racketeering and one count of Possession and Discharge of a Firearm in Furtherance of a Drug Trafficking Crime Resulting in Death. (ECF No. 448.) Hall has now filed a Motion for Compassionate Release (ECF Nos. 642, 646) in light of the COVID-19 pandemic. No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the Motion will be DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." A defendant may only move for compassionate release under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Though the Court initially denied Hall's motion without prejudice for failure to provide proof that he made the necessary request to the warden of his institution (ECF No. 644), Hall has since provided proof that he made such a request and that it was denied on June 5, 2020 (ECF No. 646-1). Therefore, the question facing the Court

is whether Hall has provided evidence establishing the existence of "extraordinary and compelling" reasons for his release.

Under 28 U.S.C. § 994(t), the United States Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."  The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least 65 years old and has served ten years or 75% of his term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction.  *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), "which was enacted to further increase the use of compassionate release and which explicitly allows courts to grant such motions even when B[O]P finds they are not appropriate." *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019).  This Court and many others have determined that under the First Step Act, "BOP is no longer the exclusive arbiter of what constitutes other 'extraordinary and compelling reasons,'" and that courts may now "independently determine what constitutes other 'extraordinary and compelling reasons' for compassionate release[.]" *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020).  This Court likewise has held that "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *Id.*  *See also*, *United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516,

at *3 (D. Md. June 25, 2020) (A defendant can establish his entitlement to compassionate release by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

Hall has not established extraordinary and compelling reasons justifying compassionate release.  Hall, who is 49 years old, has identified three medical conditions which he claims increase his risk of severe illness should he contract COVID-19: hypertension, prediabetes, and bronchitis. (ECF No. 642.)  He has now provided medical records substantiating his hypertension and prediabetes diagnoses, but not his bronchitis diagnosis.  (ECF No. 648-1.)  The CDC has not confirmed that either of Hall's proven medial conditions are associated with a heightened risk of severe illness from COVID-19, though the CDC does identify hypertension as a condition that "might" increase an individual's risk.  *See* Coronavirus Disease 2019 (COVID-19): People Who Are at Increased Risk for Severe Illness, CTRS. FOR DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed August 7, 2020).  The Court finds that Hall's hypertension and prediabetes diagnoses do not sufficiently differentiate him from the thousands of similarly situated incarcerated individuals to constitute extraordinary and compelling reasons for judicial relief.  Further, the Court notes that though BOP reports that one inmate and three staff at Hall's institution (McCreary USP) have tested positive for COVID-19, that facility does not appear to have suffered the sort of outbreak that has occurred in certain other facilities.  *See* COVID-19 Cases, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed August 7, 2020).

Denying compassionate release is not a decision the Court makes lightly.  The Court acknowledges the very real danger posed by the COVID-19 pandemic, and the serious concern

that Hall and his family undoubtedly feel.  But having considered the evidence, the Court finds that Hall has not shown the existence of extraordinary and compelling reasons justifying judicially ordered compassionate release.[1]

DATED this 10th day of August, 2020.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge

---

[1] The Court notes that this ruling is in no way intended to constrain BOP's own discretionary authority in responding to the COVID-19 pandemic.