IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-04-0323 |
| ERIC HALL, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Eric Hall is presently serving a sentence of 360 months' imprisonment for Racketeering, Racketeering Conspiracy, and Possession and Discharge of a Firearm in Furtherance of a Drug Trafficking Crime Resulting in Death. (*See* ECF No. 448.) In 2020, Hall filed several Motions for Compassionate Release which were denied on the grounds that his medical conditions failed to establish extraordinary and compelling reasons potentially warranting a sentence reduction. (*See* ECF Nos. 644, 649, 651.) He has now filed a Motion styled as a Second Modified Request for Compassionate Release wherein he argues that his medical conditions, conditions of confinement, and family circumstances collectively constitute extraordinary and compelling reasons for a sentence reduction. (*See generally* ECF No. 689.) For the following reasons, Hall's Motion (ECF No. 689) will be DENIED.

As previously explained, motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). A defendant may move for compassionate release under § 3582(c)(1)(A)

1

only after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

Although Hall alleges that he has "exhausted his remedies[,]" he does not provide evidence that he has satisfied the administrative exhaustion requirement for his present Motion for Compassionate Release. While the "Fourth Circuit has not conclusively resolved whether a defendant must independently satisfy the exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A) . . . at least one federal circuit court has indicated that each compassionate release motion must independently satisfy the exhaustion requirement." *See United States v. Craig*, Crim. No. ELH-18-0450, 2022 WL 1522176, at *14 (D. Md. May 13, 2022) (citing *United States v. Keller*, 2 F.4th 1278, 1298 (9th Cir. 2021)). This potential error does not, however, preclude this Court from considering Hall's claims as "the [compassionate release] statute's requirement that a defendant satisfy the threshold [exhaustion] requirement before filing a motion in the district court is a non-jurisdictional claim-processing rule[,]" and therefore failure to exhaust does not prevent a court from reaching the merits of the defendant's claim. *See United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021) (citations omitted). Accordingly, the Court turns to consideration of (1) whether Hall has established extraordinary and compelling reasons potentially warranting a sentence reduction and (2) whether a sentence reduction is supported by the factors set forth in 18 U.S.C. § 3553(a).

## I.     *Extraordinary and Compelling Reasons*[1]

Under 28 U.S.C. § 994(t), the U.S. Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to

---

[1] Hall's filing also cites to Guidelines Amendment 782—though it is unclear whether he asserts this is an extraordinary and compelling reason or an independent basis for relief. (*See* ECF No. 689 at 10); *see also* U.S. Sent'g Guidelines

2

be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least sixty-five years old and has served ten years or 75% of his or her term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1 (A)–(D) (U.S. Sent'g Comm'n 2021).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which "remove[d] the Bureau of Prisons from its former role as a gatekeeper over compassionate release motions." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020) (internal quotation marks and citation omitted). Accordingly, the Fourth Circuit has affirmed that "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (emphasis in original) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). As noted, Hall raises three grounds that he believes constitute extraordinary and compelling reasons potentially supporting a sentence reduction. None of these grounds independently supports a finding that Hall has established compelling reasons potentially warranting compassionate release.

First, this Court has already considered Hall's medical conditions and concluded that they do not rise to the level of extraordinary and compelling reasons. (ECF Nos. 649, 651.) While Hall

---

Manual, Amend. 782 (U.S. Sent'g Comm'n Nov. 1, 2014). In any case, this Amendment would be inapplicable to Hall's sentence as his Guidelines Range was not based on the Drug Quantity Table. Indeed, the offense conduct in Hall's PSR lists no drug quantities at all. *See* PSR ¶¶ 3–7. Rather, Hall's PSR establishes that the relevant conduct underlying Hall's Offense Level of 41 was his killing of Dante Green. *Id.* ¶ 6. Thus, Amendment 782 is inapposite to his sentence.

does not present evidence that his medical conditions have materially changed since the Court first reached this conclusion,[2] the Court notes that when it last considered Hall's medical conditions, there was no readily available vaccine for COVID-19. (*See* ECF No. 651 (decided Oct. 6, 2020).) Since that time, several courts in this District have concluded that the availability of "highly effective . . . vaccines[,] dramatically affect[s] whether an inmate's medical conditions constitute the extraordinary and compelling reason required to further consider compassionate release." *United States v. Sanders*, Crim. No. SAG-06-0087, 2021 WL 1428546, at *3 (D. Md. Apr. 15, 2021) (internal quotation marks omitted). This development buttresses the Court's conclusion that Hall's medical conditions, standing alone, do not constitute extraordinary and compelling reasons for compassionate release.

Second, Hall's argument about his conditions of confinement does not establish a stand-alone reason for compassionate release. (*See* ECF No. 689 at 8.) To the extent that courts have considered such arguments, they have found that the "harsh conditions of imprisonment occasioned by the COVID-19 pandemic are not, without more, sufficiently 'extraordinary and compelling' to warrant compassionate release." *United States v. Hatcher*, Crim. No. KPF-18-0454, 2021 WL 1535310, at *3–*4 (S.D.N.Y. Apr. 19, 2021) (citation omitted) (granting compassionate release where defendant proffered "a confluence of circumstances unique to her case—and beyond just the harsh conditions of incarceration occasioned by the pandemic"). Here,

---

[2] Hall now suggests that he suffers from health conditions not mentioned in the medical records he previously submitted to the Court, namely: severe depression, insomnia, and headaches. (*Compare* ECF No. 689 at 7–8, *with* ECF No. 648-1 at 1–2 (listing current medical conditions).) Assuming the truth of these allegations would not change the Court's analysis. While the CDC has recognized that mental health issues can increase a person's risk if exposed to COVID-19, *see United States v. Smith*, Crim. No. ELH-18-0017, 2021 WL 6113672, at *8 (D. Md. Dec. 23, 2021) ("According to the CDC, the factors that increase the risk include . . . mental health conditions, such as depression and schizophrenia."), it does not appear that the risk posed by these conditions is sufficient to distinguish Hall from "the vast majority of prisoners, [for whom] the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Divers*, Crim. No. EKD-18-0044, 2022 WL 1664070, at *3 (W.D. Va. May 25, 2022) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)).

4

Hall argues that the COVID-19 pandemic and the "persistent lockdowns and ongoing isolation from inmates and staff" have rendered his "current incarceration . . . significantly more punitive and significantly less rehabilitative and familial." (ECF No. 689 at 8.) While these challenges certainly warrant consideration, they do not, without more, establish extraordinary and compelling reasons for compassionate release.

Third, while Hall's family circumstances are tragic and challenging—he explains that he has lost both his father and son in the last ninety days—they do not appear to provide extraordinary and compelling grounds for compassionate release. Generally, compassionate release based on family circumstances has only been granted where a defendant is the sole available caregiver for his or her minor child or a closely-related and incapacitated adult. *See United States v. Landry*, Crim. No. RCY-16-0171, 2021 WL 5493497, at *3 (E.D. Va. Nov. 22, 2021); *see also United States v. Allen*, Crim. No. NKM-13-0024, 2021 WL 3025458, at *3 (W.D. Va. July 16, 2021) (citing *United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019)) ("Some courts have found extraordinary and compelling grounds for compassionate release if a defendant demonstrates that (1) a parent is incapacitated and (2) the defendant is the only possible caregiver for that parent."). Here, while Hall asserts a need to provide guidance to his son's girlfriend and, potentially, his unborn grandson, he does not assert a specific need to act as a caregiver to either of them.

Notably, Hall appears to concede that no single ground supports a showing of extraordinary and compelling reasons for a potential sentence reduction, as he "respectfully request[s] that this Honorable Court find extraordinary and compelling circumstances due to a combination of factors." (ECF No. 689 at 5 (citing *United States v. Qadar*, Crim. No. ARR-00-0603, 2021 WL 3087956, at *8 (E.D.N.Y. July 22, 2021)).) While a holistic assessment of Hall's arguments presents a closer question than each argument on its own, the Court ultimately does not decide

5

whether his circumstances, taken as a whole, establish extraordinary and compelling grounds for compassionate release because a sentence reduction is unsupported by the § 3553(a) factors.

## II.    *Section 3553(a) Factors*

The § 3553(a) factors do not warrant a reduction in Hall's sentence because the violent conduct underlying his offenses of conviction continue to carry a Guidelines Range of 360 months to life imprisonment based on an Offense Level of 41 and a Criminal History Category of VI. *See* Statement of Reasons at 1; *see also* 18 U.S.C. § 3553(a)(4)(A) (requiring courts to consider Guidelines Range as part of § 3553(a) analysis). Those offenses stem from Hall's participation in the Rice Organization—a violent drug-trafficking organization. *See* PSR ¶ 3. Hall's involvement with the Rice Organization entailed "committing multiple acts involving violence[,]" including murdering Dante Green, shooting Dennis Smith, and conspiring to kill Marvin Nutter. *Id.* ¶¶ 4–6. Hall's direct involvement in the murder of Green and his substantial efforts to commit additional murders continue to require a lengthy sentence to vindicate several of the § 3553(a) factors, including "the need for the sentence imposed[:] to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; [and] to protect the public from further crimes of the defendant[.]" 18 U.S.C. § 3553(a)(2)(A)–(C). A reduction below the range that the Sentencing Guidelines continue to recommend would unduly undermine these critical sentencing factors absent significant countervailing considerations.

Hall's Motion provides little to counterbalance the extremely serious nature of his criminal conduct and the substantial sentence supported by the Sentencing Guidelines. Specifically, he notes that he has been "zealously, throughout his imprisonment, pursuing his moral transformation[,]" (ECF No. 689 at 10), and provides letters from friends and family attesting to

his personal growth while incarcerated. (ECF No. 690, 691.) While these letters provide some evidence of promising rehabilitation and further attest to Hall's challenging family circumstances, the Court concludes that they are insufficient to warrant a downward departure from the Guidelines range due to the extremely violent nature of Hall's offenses of conviction. Accordingly, taking the § 3553(a) factors as a whole, the Court concludes that Hall's 360-month sentence remains "sufficient, but not greater than necessary, to comply with the purposes [of incarceration]." 18 U.S.C. § 3553(a). This conclusion would warrant denying compassionate release even if Hall's circumstances rose to the level of extraordinary and compelling reasons for a potential sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

### III.    Conclusion

For the foregoing reasons, Hall's Second Modified Motion for Compassionate Release (ECF No. 689) is DENIED.

DATED this __10__ day of June, 2022.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge