## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Crim. No. JKB-04-323 |
| ERIC HALL, | * | |
| Defendant. | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## MEMORANDUM AND ORDER

Before the Court is Mr. Hall's Motion to vacate his 18 U.S.C. § 924(j) conviction pursuant to 28 U.S.C. § 2255.  (ECF No. 700.)  Because Mr. Hall's Motion is time-barred, it will be DENIED.  No hearing is necessary because the motion itself "conclusively show[s] that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  The Court DENIES a certificate of appealability.

Motions pursuant to 28 U.S.C. § 2255 face a very restrictive time bar.  Pursuant to § 2255(f), a "1-year period of limitation" applies to motions under § 2255.  The statute contemplates four dates on which the period could begin, and the latest of those dates applies.  The latest possible date for Mr. Hall was "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).

Mr. Hall argues that his § 924(j) conviction should be overturned under *United States v. Davis*, 139 S. Ct. 2319 (2019) or *Bailey v. United States*, 516 U.S. 137 (1995).  However, he filed this petition four years after *Davis* was decided and more than two decades after *Bailey* was decided.  Mr. Hall's assertion that he did not understand the legal significance of *Davis* until

1

recently is unavailing because only newly discovered *facts* can push back the date on which the period of limitations begins to run, and Mr. Hall does not allege any newly discovered facts. *See United States v. Nunez-Garcia*, 31 F.4th 861, 865–866 (4th Cir. 2022).[1]

In any case, even if Mr. Hall could explain his delay in requesting relief pursuant to *Davis*, any such explanation would be futile because *Davis* is inapplicable. In *Davis*, the Supreme Court held that the residual clause of § 924(c) is unconstitutionally vague. 139 S. Ct. at 2324. So, if the § 924 charge is based on a predicate "crime of violence," post-*Davis* the underlying crime must satisfy the requirements of § 924(c)(3)(A) to qualify for the enhanced sentences of § 924(c). But the predicates underlying Mr. Hall's § 924(j) conviction are *drug trafficking offenses*, not crimes of violence. (ECF Nos. 448, 703-1 at 27); 18 U.S.C. § 924(c)(2) ("For purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46."). Accordingly, *Davis* has no impact on Mr. Hall's § 924(j) conviction or related sentencing.

For the reasons set forth above, Mr. Hall's Motion to Vacate (ECF No. 700) is DENIED.

DATED this _6_ day of December, 2023.

BY THE COURT:

James K. Bredar
Chief Judge

---

[1] Mr. Hall did not make any attempt to explain the delay regarding his claim under *Bailey*, making further analysis of that argument unnecessary. In any case, his failure to raise *Bailey*, which was decided seven years before judgment in this case, at sentencing or on direct review is a procedural default from which Mr. Hall cannot recover. *See Bousley v. United States*, 523 U.S. 614, 621 (1998).