IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| v. | * |
| ERIC HALL, | *  Crim. No. JKB-04-323 |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM AND ORDER</u>**

The Court is in receipt of Mr. Hall's letter (ECF No. 706). In the letter, Mr. Hall asks the Court to "reconsider granting a 60 month reduction from [his] 360 month sentence." (*Id.* at 1.) Mr. Hall's letter reflects significant introspection and profound remorse, which the Court acknowledges. He details the losses he has experienced during his incarceration, and the Court offers sincere condolences on the passing of his mother, father, and son. (*See id.* at 2–3.) Mr. Hall has taken "over 70 programs and adult continuation courses" (*id.* at 3), a very commendable effort. The Court is also impressed by his efforts to start his own program to "help at risk youth in the community." (*See id.* at 4.)

However, Mr. Hall's letter does not provide any grounds justifying a sentence reduction. To the extent Mr. Hall is asking this Court to reconsider previous denials of his habeas or compassionate release Motions (*see* ECF Nos. 705, 692, 649) he has failed to make the requisite showing. There are three possible grounds for a granting a motion for reconsideration under Rule 54(b): (1) an intervening change in controlling law; (2) the need to present newly discovered evidence; and (3) the need to correct manifest errors of law. *See Potter v. Potter*, 199 F.R.D. 550,

552 (D. Md. 2001). Such circumstances are rare, and a motion to reconsider "should be equally rare." *Id.* (quotation omitted). Mr. Hall has not alerted the Court to any change in the law, any new evidence, arguments, or information, nor any error made in a past Order.

To the extent Mr. Hall's letter can be construed as a motion for compassionate release, it too will be denied. Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under this provision, a district court may modify a sentence imposed after conviction when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the [sentencing] factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the Court has previously explained, the Court will "consider *any* extraordinary and compelling reason for release that a defendant might raise." *See United States v. Smith*, Crim. No. JKB-12-479, 2024 WL 733221, at *1 (D. Md. Feb. 21, 2024) (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)). The only possible extraordinary and compelling justification that the Court can discern from Mr. Hall's letter is his rehabilitation. And "rehabilitation alone cannot serve as a basis for compassionate release." *United States v. Davis*, No. 21-6960, 2022 WL 127900, at *1 (4th Cir. Jan. 13, 2022).

Accordingly, to the extent it moves this Court for relief, ECF No. 706 is DENIED.

DATED this 22 day of April, 2024.

BY THE COURT:

_____
James K. Bredar
Chief Judge

2