IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Plaintiff | * | |
| v. | * | Criminal No. JKB-04-0323 |
| ERIC HALL | * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Defendant filed a *pro se* motion seeking a reduction in his sentence (ECF No. 708). Subsequently, the Court appointed counsel to represent the Defendant, and his lawyer filed a "Motion for a Reduced Sentence Pursuant to *18 U.S.C. § 3582(c)(1)(A)(i)*. Taking the Defendant's *pro se* motion and his counseled motion together, this boils down to a request for compassionate release. The Government opposes (ECF No. 717), and through counsel the Defendant has replied to the Government's opposition (ECF No. 720). The Court has carefully reviewed the parties' submissions and the relevant portions of the substantial record accumulated in this case. The Motion will be DENIED.

Under the relevant framework, the Court first determines whether there are "extraordinary and compelling" reasons warranting a reduction in the sentence. Having considered all within the Plaintiff's submissions, only his contention that he received a disparate sentence warrants substantial discussion. And that discussion is ultimately not persuasive for the Defendant's cause. While the Defendant received a lengthy sentence, and while co-defendants received some leniency by comparison, the Court notes the differences in the underlying factual statements, and that the Defendant pled guilty to an extremely serious offense—an offense that was not a factor in the

sentences imposed on his co-defendants. The Defendant attempted two "execution style" murders in service of a criminal organization of which he was a member, and one of those attempts was successful. In the end, the different sentence he received is not an "extraordinary and compelling" reason to reduce his sentence.

The Court notes that the circumstances of the Defendant's childhood and youth, sadly, are not extraordinary in our community. They are extraordinary in the context of wider American life. Finally, while there is evidence of significant rehabilitation while incarcerated, the Defendant also has a problematic disciplinary history in prison.

In sum, the Court finds that there are not "extraordinary and compelling" reasons present in this case, at least not with respect to disparate sentences or rehabilitation while incarcerated. The circumstances of the Defendant's upbringing speak for themselves, and while the Court concludes that they are not "extraordinary" in the context of a child's life in some sections of West Baltimore, they should be.

Whether or not the Defendant has demonstrated extraordinary and compelling reasons, he has not met his burden in the second phase of the requisite analysis: the Defendant has not demonstrated that a sentence reduction is appropriate when the *§ 3553(a)* factors are applied. The Defendant's conduct was horrific. No matter the surrounding circumstances of the "tit-for-tat" violent acts being then committed by members of rival drug organizations, execution-style murder is always reprehensible. An individual who has engaged in such conduct is profoundly dangerous. While rehabilitation no doubt occurs in some or even many cases during decades of incarceration, an imperative to protect the community remains even 20 years later. This factor alone among those that the Court has weighed under *§ 3553(a)* (and, the Court has weighed all of those enumerated there), ultimately compels the denial of this Motion. The underlying

offense was too cold, too brutal. Nothing in the record to date mitigates the dangerousness demonstrated by this conduct even though it occurred so long ago.

The Motion (ECF No. 708) as supplemented (ECF Nos. 715, 720) is DENIED.

Dated this 5 day of December, 2025.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge